# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 00-6214-CIV-SEITZ-GARBER

**DAVID G. TRACY**

      **Plaintiff,**

**vs.**

**DEPARTMENT OF TREASURY,**
**INTERNAL REVENUE SERVICE,**
**UNITED STATES OF AMERICA,**

      **Defendants.**

_____ /



## DEFENDANTS' MOTION TO DISMISS

The named defendants, by counsel, move pursuant to Rules 8(a) and 12(b) of the Federal

Rules of Civil Procedure to dismiss this civil action on the following grounds more fully discussed in

the incorporated Memorandum of Law immediately following:

1.     **Plaintiff's pleading is a cut-and-paste form of nonsensical tax avoidance rhethoric that does not state the grounds for jurisdiction or the facts showing that he is entitled to any relief from this Court.**

2.     **Plaintiff's only apparent demand for relief seeks injunctive remedies barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).**

3.     **To the extent the Internal Revenue Service or Department of Treasury are claimed to be parties, they lack capacity to be sued and have not been properly served with plaintiff's pleading.**

NON-COMPLIANCE OF S.D. fla. L.R. 

\#4
\#2

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff commenced this civil action with a "Notice of Petitioner's Petition for Judicial Review with Accompanying Motion to Quash/Dismiss, Notice of Assessment, Withholding Orders, Levies, Lien, for Lack of In Personam and Subject Matter Jurisdiction Pursuant to Petitioner's Sworn Affidavit of Citizenship & Points of Authorities and Memorandum of Law in Support Thereof." (hereinafter "Plaintiff's Pleading"). Plaintiff's Pleading at 1. The only relief apparently sought is an "Order Quashing and Dismissing Defendant's assessments, withholding Orders, levies, liens, or otherwise and additionally grant Petition an Injunction against Defendant's [sic]." Id. at 2.

What follows is a preprinted form "Memorandum of Law," with blanks on several pages filled in by hand or typewriter. This purports to generally describe the requirements for assessing and collecting taxes. It concludes by arguing that a tax on income is unconstitutional or otherwise outside the scope of federal law, and further asserting that plaintiff is not subject to tax or collection thereof because he is not a resident of the District of Columbia or a federal employee. Plaintiff's Pleading also includes an affidavit and several form "Affidavits of Points and Authorities" on various points, including his claim that he is "not subject to any legislation" created by any federal, state, or municipal government. Plaintiff's Pleading at 11, ¶ 14. In a helpful summary of his position, plaintiff concludes:

Assessment of the income tax is voluntary. . . . .

Payment of the income tax is voluntary. We have the power of free choice and we may choose to pay or not to pay the income tax.

Compliance is voluntary. We have the free choice of either complying with the United States income tax Code or not complying.

Plaintiff's Pleading at 24-25 (emphasis in original).

- 2 -

1.    **Plaintiff's pleading is a cut-and-paste form of nonsensical tax avoidance rhethoric that does not state the grounds for jurisdiction or the facts showing that he is entitled to any relief from this Court.**

One who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter. E.g., Amalgamated Ass'n v. Southern Bus Lines, 189 F.2d 219, 221-22 (5th Cir. 1951); Stewart v. United States, 199 F.2d 517, 520 (7th Cir. 1952). A court cannot assume the existence of facts sufficient to satisfy a jurisdictional prerequisite. Amalgamated Ass'n, 189 F.2d at 221; Lamb v. United States, 587 F. Supp. 209, 211 (D.S.C. 1984); see 5 Charles Wright & Arthur Miller, Federal Practice and Procedure Civil § 1206 at 78-79.

It is also well settled that the United States, as sovereign, may not be sued without its express consent. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). No suit may be maintained against the sovereign unless the suit is brought in exact compliance with the terms of the statute under which the sovereign has consented to be sued. Soriano v. United States, 352 U.S. 270, 276 (1957).

Plaintiff does not identify the tax liabilities at issue. He does not identify the collection actions he wants enjoined. He does not identify the statutes under which this action is brought, or which authorize the purely injunctive relief against assessment or collection of his taxes that is apparently sought. Plaintiff *does* regurgitate in shotgun fashion what courts repeatedly recognize to be disjointed and frivolous tax avoidance claims warranting dismissal and even sanctions. See, e.g., McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986); Hobson v. Fischbeck, 758 F.2d 579, 580-81, reh'g denied, 763 F.2d 419 (11th Cir. 1985); Lonsdale v. United States, 919 F.2d 1440, 1447-48 & n.4 (10th Cir. 1990); Lake v. Department of the Treasury, 905 F. Supp. 1061 (N.D. Ga. 1995).

- 3 -

The case is therefore subject to dismissal for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, failure to aver the grounds on which this Court's jurisdiction depends, and failure to make a short and plain statement of the claim showing the pleader is entitled to relief.  Fed. R. Civ. Pr. 8(a), 12(b)(1) and (6).

### 2.    Plaintiff's only apparent demand for relief seeks injunctive remedies barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), <u>no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person</u>, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (emphasis added).

The Anti-Injunction Act has two principal purposes: (1) to permit the government to assess and collect taxes without judicial intervention, and (2) to require that disputes regarding federal income, estate and gift tax deficiencies be determined by refund suits.  <u>Bob Jones University v. Simon</u>, 416 U.S. 725, 736-37 (1974); <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962).

The statutory exceptions in the Act are inapplicable,[1] and the suit is clearly for the purpose of restraining tax collection activities.  The action should therefore be dismissed.  <u>E.g.</u>, <u>Hobson v. Fischbeck</u>, 758 F.2d 579, 580, <u>reh'g denied</u>, 763 F.2d 419 (11th Cir. 1985).

---

[1]    The statutory exceptions include petitions to the Tax Court for redetermination of a deficiency, wrongful levy actions by third parties in District Court, responsible person claims where a bond is filed, income tax preparer understatement penalties, and jeopardy assessments.  Plaintiff has neither cited any of these provisions nor alleged any facts to support the application of these statutory exceptions to the Anti-Injunction Act.

- 4 -

3.    **To the extent the Internal Revenue Service or Department of Treasury are claimed to be parties, they lack capacity to be sued and have not been properly served with plaintiff's pleading.**

The Internal Revenue Service lacks the capacity to be sued. E.g., We the People v. IRS, 78 A.F.T.R.2d 96-5458 (M.D. Fla. 1996) (citing numerous cases). Indeed, Congress "has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nomine*." Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 672, 673 n.3 (5th Cir. 1976). Even if the IRS or Department of Treasury could be sued in their own name, neither has been properly served. As far as undersigned counsel is aware, Plaintiff's Pleading and summons were served only on the Attorney General and the United States Attorney for the Southern District of Florida. This is not proper service on federal agencies subjec to suit, under Fed. R. Civ. Pro. 4(i)(1) and (2). This provides another reason to dismiss this action as to the IRS and Department of Treasury. See Fed. R. Civ. Pro. 12(b)(2), (4) and (5).

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

PAUL G. GILL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5892
Facsimile: (202) 514-9868
E-mail: Paul.G.Gill@usdoj.gov
Special Bar No.A5500329

- 5 -

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Defendants' Motion to Dismiss has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 14th day of April, 2000:

David G. Tracy
P.O. Box 11638
Ft. Lauderdale, FL 33339

Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044